## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY LYNN WATKINS,

      Plaintiff,

      v.

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

      Defendant.

CIVIL ACTION NO. 3:20-cv-02399

(SAPORITO, M.J.)

## MEMORANDUM

In this matter, the plaintiff, Kimberly Lynn Watkins, seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

This appeal commenced when Watkins, appearing through counsel,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She has been automatically substituted in place of the original defendant, Andrew Saul. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security). The caption in this case is amended to reflect this change.

lodged her complaint for judicial review on December 21, 2020, together

with an application for leave to proceed *in forma pauperis*. (Doc. 1; Doc.

2.) On December 23, 2020, we granted leave to proceed *in forma pauperis*

and directed service of process by the United States marshal. (Doc. 4.)

The Commissioner timely filed his[2] answer and the administrative

transcript on May 14, 2021. (Doc. 16; Doc. 17.) Under our local rules, the

plaintiff's brief in support of her appeal was due 45 days later, on June

28, 2021. *See* M.D. Pa. L.R. 83.40.4.

On July 7, 2021, the plaintiff having filed neither her appeal brief

nor a motion for an extension of time, we entered an order *sua sponte*

granting the plaintiff an extension of time until July 28, 2021, to file her

brief, and admonishing her that failure to timely file her brief might

result in dismissal of this action under Rule 41(b) of the Federal Rules of

Civil Procedure. (Doc. 17.)

On July 12, 2021, counsel for the plaintiff filed a motion to

withdraw his appearance on behalf of Watkins (Doc. 18), together with a

supporting declaration with attached exhibits (Doc. 18-1) and a brief in

support of the motion (Doc. 19). In these motion papers, counsel

---

[2] At the time, Andrew Saul was still Commissioner.

explained that, based on his receipt and review of the administrative transcript, he had concluded that there was no basis for appeal. Prior to contacting his client, counsel sought and obtained a second opinion from another attorney versed in this area of the law, who reached the same conclusion that there was no basis for appeal. Counsel wrote to his client to explain his evaluation and to request permission to withdraw this appeal. The client failed to respond until after the date when her brief was due to be filed, and when she did respond, she declined to withdraw the appeal. Counsel replied and offered to seek a third opinion. He did so, consulting with a third attorney versed in this area of the law, who also reached the same conclusion that there was no basis for appeal. Counsel conveyed this third opinion to his client as well, renewing his request that she authorize him to withdraw this appeal. This time, however, he advised Watkins that, due to his ethical obligations, he would necessarily move to withdraw as counsel if she did not agree. She did not. In the interim, we had entered our July 7, 2021, order directing the plaintiff to file her brief or face possible dismissal.

The motion papers further informed the court that, in addition to his ethical reservations with respect to this case in particular, counsel

had become increasingly and seriously ill.

On July 13, 2021, we entered an order directing the plaintiff personally to show cause why counsel should not be permitted to withdraw his appearance as counsel of record on her behalf. (Doc. 22.) We directed the plaintiff to respond in writing by July 27, 2021. The order also vacated our prior order of July 7, 2021.

On August 4, 2021, having received no response whatsoever from the plaintiff, we granted counsel's motion and permitted him to withdraw as counsel of record. (Doc. 23.) That same day, by separate order, we stayed this appeal for a period of 60 days to afford Watkins an opportunity to find and retain new counsel to represent her. (Doc. 24.) This second order also directed Watkins to file a status report on her efforts to obtain counsel within 30 days.

On November 3, 2021, the plaintiff having failed to retain new counsel, having failed to file a status report as ordered, and having failed to respond in any other fashion to our orders, we entered an order lifting the stay and directing the plaintiff to file her *pro se* brief in support of her appeal by December 3, 2021, or face possible dismissal of this appeal for failure to prosecute. (Doc. 25.)

- 4 -

Notwithstanding our order explicitly directing her to do so, Watkins has failed to file her appeal brief or to otherwise communicate with the court in any fashion.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action involuntarily for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b). Moreover, this court has inherent power to do so on its own motion, without notice or a hearing. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629, 633 (1962); *Reshard v. Lankenau Hosp.*, 256 Fed. App'x 506, 507 (3d Cir. 2007); *Durkee v. Leicester*, No. 07-cv-2104, 2008 WL 2902307, at *1 (M.D. Pa. July 28, 2008).

When considering dismissal under Rule 41(b), a court must balance the following six factors:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).

- 5 -

In exercising this discretion, there is no "magic formula" or
"mechanical calculation" to determine whether the case should be
dismissed. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Mindek
v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "While 'no single *Poulis*
factor is dispositive,' we have also made it clear that 'not all of the *Poulis*
factors need be satisfied in order to dismiss a complaint.'" *Briscoe*, 538
F.3d at 263 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir.
2003), and *Mindek*, 964 F.2d at 1373).

The first *Poulis* factor weighs in favor of dismissal. We find the total
failure to prosecute this action or to comply with our orders is the fault
of the *pro se* plaintiff herself, and not the fault of counsel. Shortly after
counsel received and reviewed the administrative transcript, he advised
her of his opinion that there was no basis for appeal, he conveyed the
concurring second opinion by another attorney he had consulted, and he
requested her permission to withdraw the appeal. It was the plaintiff
herself who failed to promptly respond to this communication from
counsel, causing her to miss the initial deadline for filing her appeal brief.
When counsel filed his motion for leave to withdraw, we entered an order
explicitly directing Watkins to personally respond in writing by a date

certain to show cause why he should not be allowed to withdraw; she failed to respond to our order at all. After we granted the motion to withdraw and stayed the appeal for 60 days to permit Watkins to seek and retain new counsel, she failed to comply with our explicit direction to file a status report on her efforts to secure new counsel. After expiration of the 60-day period, Watkins having failed to secure new counsel or enter her own appearance *pro se*, we lifted the stay and explicitly directed Watkins to file her *pro se* appeal brief by a date certain; she once again failed to respond to our order at all. Watkins has repeatedly failed to comply with our several express orders directing her to respond. Even during the period when she was represented by counsel, it was her failure to timely communicate with her own attorney that caused her failure to comply with briefing deadlines. Thus, we find the culpability in this circumstance rests entirely with the plaintiff herself.

The second *Poulis* factor is neutral. "Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Briscoe*, 538 F.3d at 259. But "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the

burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Id.* (citations omitted). In this case, however, we are presented with an appeal for judicial review of an administrative decision by a federal agency, which is limited to a static administrative record containing only evidence that was presented to the agency in underlying administrative proceedings. In this circumstance, we find the plaintiff's delay has caused no prejudice to the defendant.

The third *Poulis* factor weighs in favor of dismissal. "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. But "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* at 260. The plaintiff has repeatedly failed to comply with our orders directing her to file her brief or otherwise respond to our orders. Moreover, it has now been almost eight months since her appeal brief was originally due to be filed. This conduct constitutes a pattern of extensive and repeated delay or non-compliance by the plaintiff, militating in favor of dismissal. *See Poulis*, 747 F.2d at 868.

The fourth *Poulis* factor weighs in favor of dismissal.

> Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Generally, "willfulness involves intentional or self-serving behavior." If the conduct is merely negligent or inadvert, we will not call the conduct "contumacious."

*Briscoe*, 538 F.3d at 262 (quoting *Adams v. Trs. of N.J. Brewery Emps.'*

*Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)) (citations and brackets

omitted). Here, the plaintiff has failed to comply with no fewer than three

court orders, and despite our express admonitions, she has failed to

communicate with the court in any manner. The plaintiff having been

provided with a full and fair opportunity to respond and move this

litigation forward, the plaintiff having failed utterly to do so, and based

on the record before us, we find that the plaintiff has willfully failed to

comply with the orders of this court. *See Briscoe*, 538 F.3d at 262.

The fifth *Poulis* factor weighs in favor of dismissal.

> A District Court must consider the availability of sanctions alternative to dismissal. Where an attorney has caused the delay and noncompliance in the proceedings, [the Third Circuit] ha[s] noted that "under the Federal Rules of Civil Procedure and the 1983 amendments, the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by an unjustified failure to comply with discovery orders or pretrial orders." However, where a plaintiff is proceeding pro

> se, and moreover, is proceeding in forma pauperis, [the
> Third Circuit] ha[s] upheld the District Court's
> conclusion that no alternative sanctions existed
> because monetary sanctions, including attorney's fees,
> "would not be an effective alternative."

*Id.* at 262–63 (quoting *Poulis*, 747 F.2d at 869, and *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)) (citations and brackets omitted). Here, because Watkins is proceeding *pro se*, she has no attorney upon whom this court could impose lesser sanctions for failing to comply with the court's orders. Because Watkins is indigent, we conclude that monetary sanctions would not be an effective alternative sanction, particularly in light of her extensive history in this case of noncompliance with court orders. *See Briscoe*, 538 F.3d at 263; *Emerson*, 296 F.3d at 191.

The sixth and final *Poulis* factor weighs in favor of dismissal. We note that the plaintiff's former counsel advised her that, based on his own review of the administrative record, she had no basis for appeal. Counsel requested and conveyed second and third opinions by two other social security disability attorneys, both of whom agreed that there was no basis for appeal. We have reviewed the ALJ's decision ourselves, and we find no apparent error: the denial of benefits appears to be supported by substantial evidence.

In this case, the balance of the *Poulis* factors favors dismissal. We recognize that dismissal of a complaint is reserved for the most extreme cases, *Poulis*, 747 F.2d at 867–68. Nevertheless, we believe this drastic relief is appropriate. Over the course of the better part of a year, the plaintiff has willfully failed to comply with several court orders directing her to file her appeal brief or otherwise respond to court orders. Indeed, she has completely abandoned this appeal, failing to respond in any manner to the court's orders. Given her indigent status and her willful and complete disregard of prior court orders, we find no lesser alternative sanction would be effective.

Accordingly, this appeal will be dismissed for failure to prosecute and failure to comply with numerous court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate order follows.

Dated: March 21, 2022                 *s/Joseph F. Saporito, Jr.*
                                      JOSEPH F. SAPORITO, JR.
                                      United States Magistrate Judge